

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. J. C. Dolly
Vice President
The University of Texas
Austin, Texas

Dear Sir:                      Opinion No. 0-7189

Re: Whether or not the itemized
maximum salaries as fixed in
the present appropriation bill
for full time instructional
positions at The University of
Texas may be increased by the
Board of Regents to a greater
amount than 10% if such in-
creases are provided from funds
received from the United States
Government or its agencies?

We have your letter of March 27 requesting an
opinion on the above subject. We do not deem it necessary to
set out your letter in full here but will quote only the
first, second, and third paragraphs which we think state the
question at issue.

"Your opinion is respectfully requested upon
the following inquiry:

"Whether or not the itemized maximum salaries
as fixed in the present appropriation bill
for full time instructional positions at The
University of Texas may be increased by the
Board of Regents to a greater amount than 10%
if such increases are provided from funds re-
ceived from the United States Government or
its agencies.

"In connection with the foregoing question,
your attention is directed to subsection2
of the general provisions of the present

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

appropriation bill governing the payment of salaries thereunder."

Subsection 2 of the general appropriation bill is found on page 808 of the General and Special Laws, 49th Legislature, Regular Session, 1945, and reads in part as follows:

"Subsection 2. Salary Provisions. No salary appropriation herein shall be supplemented out of student fee funds, dormitory funds, or local funds except out of the Pure Feed Funds at the Agricultural and Mechanical College or out of funds received from the United States Government or its agencies, unless so ordered by the governing board of the institution to which such salary or salaries apply, at a regular meeting with at least a majority of the members of such board present, and such order shall be entered in the minutes of said board and shall set forth the reasons therefor.

"No full time instructional salary as itemized herein shall be increased from any fund, except from the Pure Feed Fund at the Agricultural and Mechanical College or from funds received from the United States Government or its agencies, to an amount in excess of the maximum salary provided herein for positions of similar rank in the same institution, unless the maximum salary or higher salary was legally paid in the preceding biennium in which case the salary may be supplemented not to exceed 10%. It is further provided that compensation for correspondence and/or extension teaching as provided herein and compensation from bequests and gifts shall be excluded from the salary limitation in this paragraph. The rate of the salary paid an employee of any institution named herein for services during a summer session shall not exceed the salary rate paid the employee for the same or similar services in that institution during the long session."

In order to determine the intention of the 49th Legislature in placing the exception which we have underlined in subsection 2 of he general appropriation bill quoted above, we think it necessary to compare it with the similar provision in the appropriation for educational institutions by the 48th

Legislature. On page 878 of the Regular Session laws, 48th Legislature, we find the following provision:

"Subsection (2). Salary Provisions. No salary appropriated herein shall be supplemented out of student fee funds, dormitory funds, or local funds, except out of the Pure Feed Fund at the Agricultural and Mechanical College or out of funds received from the United States Government or its agencies, unless so ordered by the governing board of the institution to which such salary or salaries apply, at a regular meeting with at least a majority of the members of such board present, and such order shall be entered in the minutes of the proceedings of said board and shall set forth fully the reasons therefor. No full time instructional salary as itemized herein shall be adjusted to exceed an amount above the maximum full professor's salary as herein itemized to be appropriated from the General Revenue Fund of the State for the particular institution to which said salary or salaries apply, unless the maximum salary is being received in which case such adjustment may be made not to exceed ten (10) per cent above such maximum salary so received. * * *"

It will be noted that the exception contained in paragraph 2 of subsection 2, General Provisions of the Appropriation Act for Educational institutions, 49th Legislature, is not found in the above quotation. We think it clear that no authority existed, by reason of the provisions quoted immediately above, to increase a full time instructional salary in an amount in excess of 10% above the maximum full professor's salary as itemized in the Act. The 49th Legislature was evidently conscious of this fact and we believe the exception, i.e. ". . . except from . . . funds received from the United States Government or its agencies. . ." was placed in the Act for the specific purpose of excluding the funds so received from the provisions limiting salary adjustments to 10% above the amount actually received during the preceding bienniu.

You are advised, therefore, that it is the considered opinion of this department that the Board of Regents have legal authority to increase the salaries of full time instructional positions to an amount greater than 10%, if and only if, the

needed funds for such increases are derived solely from funds received from the United States Government or its agencies.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed)
E. M. DeGeurin
Assistant

EMD:jt/JCP

APPROVED APR 10, 1946
(signed) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By J. C. D., Chairman